| | |
|---|---|
| FELL & SPALDING<br>By: Stephen R. Bolden, Esquire<br>I.D. No.: 11951<br>2230 Land Title Building<br>100 South Broad Street<br>Philadelphia, PA 19110<br>(215) 563-6161 | Attorney for Plaintiffs |

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Reginald Braithwaite<br>139-18 228th Street<br>Laurelton, NY 11413<br>&<br>Antonio Braithwaite<br>1202 Caribou Crossing<br>Durham, NC 27713<br><br>     Plaintiffs,<br><br>vs.<br><br>Inner-City Renaissance Company<br>(Formerly D.G. Capital Inc.)<br>2313 East Clearfield Street<br>Philadelphia, PA 19134<br>&<br>Jacques Stanislaus<br>212 North Bethlehem Pike<br>Fort Washington, PA 19034<br>&<br>Lawrence Braithwaite<br>25 East Wayne Avenue<br>Apt 810<br>Silver Springs, MD 20901<br><br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: |

### CIVIL ACTION COMPLAINT

## Parties

### A. Plaintiffs

1. Plaintiff Reginald Braithwaite is a citizen of the state of New York, residing in Laurelton, New York at the address above stated.

2. Plaintiff Antonio Braithwaite is a citizen of the state of North Carolina, residing in Durham, North Carolina at the address above stated.

### B. Defendants

3. Defendant Inner-City Renaissance Company (formerly D.G. Capital Inc.) *(hereinafter "Inner-City")* is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principle place of business in Philadelphia, Pennsylvania at the address above stated.

4. Defendant Jacques Stanislaus *(hereinafter "Stanislaus")* is a citizen of the Commonwealth of Pennsylvania, residing in Fort Washington, Pennsylvania at the address above stated.

5. Defendant Lawrence Braithwaite is a citizen of the state of Maryland, residing in Silver Springs, Maryland at the address above stated.

6. At all times relevant and material hereto, defendants Stanislaus and Lawrence Braithwaite were and are equal shareholders, corporate officers, and directors of defendant Inner-City.

7. Plaintiffs Reginald Braithwaite and Antonio Braithwaite are father and son, and defendant Lawrence Braithwaite is the son of Reginald Braithwaite and brother of Antonio Braithwaite.

8. Plaintiffs acted jointly and in consultation with each other in each agreeing to make the loans to defendants, which are the subject matter of this Complaint.

## Jurisdiction and Venue

9. This Court has jurisdiction over the parties and over the subject matter of this cause of action pursuant to 28 U.S.C. §1332(a) in that all plaintiffs and all defendants are citizens of diverse states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

10. Venue in this Court is proper in that all defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania when this action is commenced, and it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## Operative Facts

11. Defendant Inner-City is engaged in the business of buying, renovating, renting and reselling of residential real estate located within Philadelphia, PA.

12. On or about May 8, 2010, to help finance its business, defendant Inner-City borrowed the sum of $400,000 from plaintiff Reginald Braithwaite pursuant to a Loan Agreement (hereinafter "Loan 1").

13. As part of the consideration for Loan 1 to defendant Inner-City, the individual defendants Stanislaus and Lawrence Braithwaite each executed a Guaranty Agreement (The Guaranty Agreement), attached an Exhibit to the Loan 1 Agreement. *(Attached hereto as Exhibit 1 is the Loan Agreement and the Guaranty Agreement to Reginald Braithwaite)*

14. On or about October 21, 2010, to help finance its business, defendant Inner-City borrowed the sum of $100,000 from plaintiff Antonio Braithwaite pursuant to a Loan Agreement (hereinafter "Loan 2") similar in form and language to that contained in Loan 1 Inner-City executed with Reginald Braithwaite.

15. As part of the consideration for Loan 2 to defendant Inner-City, individual defendants Stanislaus and Lawrence Braithwaite each executed a second Guaranty Agreement (The Guaranty Agreement), attached as an Exhibit to the Loan 2 Agreement. *(Attached hereto as Exhibit 2 is the Loan Agreement and the Guaranty Agreement to Antonio Braithwaite)*

16. According to the terms of Loan 1 to Inner-City, repayment of said loan was to be made within 270 days "upon notification by lender," together with any unpaid interest also in accordance with the terms of the Agreement.

17. On April 16, 2011, plaintiff Reginald Braithwaite sent a Redemption Notice letter to each defendant, demanding that they repay him the principal indebtedness of $400,000 together with any unpaid interest by January 11, 2012, a period of 270 day from the date of the letter. *(Attached hereto as Exhibit 3 is a copy of the Redemption Notice Letter dated April 16, 2011 from plaintiff Reginald Braithwaite to defendants Stanislaus and Lawrence Braithwaite)*

18. Under the Loan 2 Agreement, which Inner-City had with plaintiff Antonio Braithwaite, the following language appears in paragraph 4 titled "Repayment."

> *"If any principal indebtedness is still outstanding as of October 1, 2011, Borrower shall repay the total principal indebtedness outstanding plus any unpaid interest."*

19. As of the present time, defendant Inner-City has failed to repay any of the outstanding principal, which it owes under Loan 1.

20. During the first quarter of 2012, defendant Inner-City made a $20,000 payment to plaintiff Antonio Braithwaite, of which $12,500 was principal and $7,500 represented interest, leaving an outstanding balance of $87,500 on the principal indebtedness of Loan 2 together with interest, which remains unpaid as of the present time.

21. As of this date, defendant Inner-City has failed to pay interest in the amount of $40,000 which it owes on Loan 1 to Reginald Braithwaite, and has failed to pay interest which it owes on Loan 2 to Antonio Braithwaite in the amount of $9,843.75.

22. Under the terms of each Loan Agreement, in the event of a default, the obligations of the borrowers under the agreements "become due and payable without demand, presentment, or other notice of any kind, all of which are hereby expressly waived." (Loan Agreement- Para 6J)

23. Additionally, under the terms of the two Guaranty Agreements, plaintiffs were not required to proceed against the borrower or the collateral or enforce other remedies before proceeding against the defendants as guarantors.

### Count I: Reginald Braithwaite vs. All Defendants

24. Plaintiffs incorporate herein by reference hereto the allegations of paragraphs 1 through 23 above.

25. As a result of the failure by defendant Inner-City to repay the amount owning under Loan 1, said loan is in default, and there is presently due and owing by it the entire outstanding principal indebtedness of $400,000 together with the interest to date in the sum of $40,000 and accruing future interest of $3,333.33 per month until the principle loan amount is paid in full.

26. As a result of the failure by defendant Inner-City to repay the amount owning under Loan 1, there is presently due and owing by guarantors, Stanislaus and Lawrence Braithwaite the entire outstanding principal indebtedness of $400,000 together with the interest to date in the sum of $40,000 and accruing future interest of $3,333.33 per month until the principle amount is paid in full.

27. Pursuant to the Loan 1, plaintiff is entitled to and seeks reimbursement of attorney's fees incurred in bringing this suit.

WHEREFORE, plaintiff Reginald Braithwaite demands judgment against each defendant herein individually, jointly, and jointly and severely, in the principal loan amount of $400,000 together with the interest in the sum of $40,000 and accruing future interest of $3,333.33 per month until the principle amount is paid in full. Plaintiff further demands, pursuant to the Loan 1, reimbursement of attorney's fees incurred in bringing this suit.

### Count II: Antonio Braithwaite vs. All Defendants

28. Plaintiffs incorporate herein by reference hereto the allegations of paragraphs 1 through 27 above.

29. As a result of the failure by defendant Inner-City to repay the full amount owing under Loan 2, said loan is in default, and there is presently due and owing by it on the outstanding principal indebtedness the sum of $87,500 together with the interest in the sum of $9,843.75 and accruing future interest of $1,093.75 per month until the principle amount is paid in full.

30. As a result of the failure by defendant Inner-City to repay the full amount owing under Loan 2, there is presently due and owing by guarantors, defendants Stanislaus and Larry Braithwaite, the outstanding principal indebtedness of $87,500 together with the interest in the sum of $9,843.75 and accruing future interest of $1,093.75 per month until the principle amount is paid in full.

31. Pursuant to the Loan 2, plaintiff is entitled to and seeks reimbursement of attorney's fees incurred in bringing this suit.

WHEREFORE, plaintiff Antonio Braithwaite demands judgment against each defendant herein individually, jointly, and jointly and severely, in the principal loan amount of $87,500 together with the interest in the sum of $9,843.75 and accruing future interest of $1,093.75 per month until the principle amount is paid in full. Plaintiff further demands, pursuant to the Loan 2, reimbursement of attorney's fees incurred in bringing this suit.

Date: 9/19/12

FELL & SPALDING

Stephen R. Bolden, Esquire
Fell & Spalding
100 South Broad Street, Suite 2230
Philadelphia, PA 19110
(215) 563-6161
*Attorney for Plaintiffs*